AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT
for the

District of New Mexico

| United States of America | ) | Colorado Case: 23-mj-00028-MEH |
|---|---|---|
| v. | ) | |
| | ) | Case No. 23-CR-86 KWR |
| | ) | FILED |
| James I. Matison | ) | UNITED STATES DISTRICT COURT |
| | ) | DENVER, COLORADO |
| | ) | 9:13 am, Feb 01, 2023 |
| Defendant | | JEFFREY P. COLWELL, CLERK |

## ARREST WARRANT

To: Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay

*(name of person to be arrested)* James I. Matison,

who is accused of an offense or violation based on the following document filed with the court:

☑ Indictment   ☐ Superseding Indictment   ☐ Information   ☐ Superseding Information   ☐ Complaint

☐ Probation Violation Petition   ☐ Supervised Release Violation Petition   ☐ Violation Notice   ☐ Order of the Court

This offense is briefly described as follows:

Count 1: 18 U.S.C. § 1349: Conspiracy to Commit Wire Fraud
Counts 2 - 15: 18 U.S.C. § 1956(a)(1)(B)(i): Concealment Money Laundering

Date: 01/24/2023

*Issuing officer's signature*

City and state: Albuquerque, NM

Mitchell R. Elfers, Clerk of Court
*Printed name and title*

### Return

This warrant was received on *(date)* 1/27/2023, and the person was arrested on *(date)* 2/1/2023
at *(city and state)* Boulder, CO.

Date: 2/1/2023

*Arresting officer's signature*

Brian Simonson, Dept. of Interior OIG Special Agent
*Printed name and title*

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO
JAN 24 2023
MITCHELL R. ELFERS
CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) CRIMINAL NO. 23-CR-86 KWR |
| | ) |
| vs. | ) Count 1: 18 U.S.C. § 1349: Conspiracy |
| | ) to Commit Wire Fraud; |
| **JAMES MATISON** and | ) |
| **JEFFREY HAM,** | ) Counts 2-15: 18 U.S.C. |
| | ) § 1956(a)(1)(B)(i): Money Laundering. |
| Defendants. | ) |

INDICTMENT

The Grand Jury charges:

Count 1

1. Beginning about February 2015, and continuing through about April 2019, in Santa Fe County, in the District of New Mexico, and elsewhere within the jurisdiction of this Court, the defendants, **JAMES MATISON** and **JEFFREY HAM**, knowingly and intentionally combined, conspired, confederated, agreed, and acted interdependently with each other to commit an offense against the United States, namely wire fraud contrary to 18 U.S.C. § 1343, that is, to transmit or cause transmission by means of wire communications in interstate commerce of certain writings, signs, signals and sounds for purposes of executing a scheme to defraud and to obtain money by means of materially false and fraudulent pretenses and representations, as described in the General Allegations and Manner and Means below.

2. As part of and in furtherance of the conspiracy, one or more of the conspirators transmitted, and caused to be transmitted, certain writings, signs, signals and pictures by means

of wire communication in interstate commerce, including email and internet communications and transfers of funds over the interstate wire.

General Allegations

3. WildEarth Guardians is a 501(c)(3) not-for-profit organization, headquartered in Santa Fe, New Mexico, whose goal it is to protect and restore wildlife, natural resources, and ecosystems of the American west.

4. One of the programs operated by WildEarth Guardians is the Restoration Program, which restores wilderness areas, specifically riparian areas, by removing non-native invasive plants and replacing native trees and vegetation.

5. These restoration projects are funded primarily through grants either directly from federal agencies, such as the U.S. Environmental Protection Agency (EPA) and the U.S. Department of Interior (DOI) or passed through the state of New Mexico or other not-for-profit organizations.

6. At all times relevant to this matter, the defendant, **JAMES MATISON,** worked at WildEarth Guardians as Restoration Program Director.

7. As Program Director, **JAMES MATISON** was responsible for the contractors that conducted work associated with the Restoration Program. **JAMES MATISON** was also responsible for approving all the Restoration Program project invoices submitted by contractors to WildEarth Guardians for payment. **JAMES MATISON** most frequently emailed his approval of invoices to the accounting personnel at WildEarth Guardians headquarters.

8. WildEarth Guardians used several contractors to complete restoration projects. One of those contractors was Timberline Environmental, LLC (Timberline), owned by the defendant, **JEFFREY HAM**. **JEFFREY HAM** founded Timberline in or around 2013 and

2

worked primarily with WildEarth Guardians during the time period relevant to this indictment. While working for WildEarth Guardians, **JEFFREY HAM** communicated directly with **JAMES MATISON** and had little contact with other employees at WildEarth Guardians.

9. WildEarth Guardians accounting staff processed Timberline's invoices upon approval by **JAMES MATISON**, and issued checks to Timberline on that basis.

Manner and Means

10. It was part of the conspiracy that **JAMES MATISON** and **JEFFREY HAM** would generate invoices from Timberline to WildEarth Guardians with fraudulently inflated hours billed.

11. It was part of the conspiracy that, acting on behalf of WildEarth Guardians, **JAMES MATISON** would approve the invoices that **JAMES MATISON** and **JEFFREY HAM** had fraudulently inflated, causing WildEarth Guardians to issue payments to Timberline for the inflated amounts.

12. It was part of the conspiracy that **JAMES MATISON** and **JEFFREY HAM** issued checks from Timberline to **JAMES MATISON**.

13. It was part of the conspiracy that **JAMES MATISON** and **JEFFREY HAM** issued checks from Timberline to Euro-American Development, Inc., a company **JAMES MATISON** controlled, in order to conceal the fact that WildEarth Guardians funds were going to **JAMES MATISON**.

14. It was part of the conspiracy that, in the manner described above, **JAMES MATISON** and **JEFFREY HAM** fraudulently diverted approximately $258,010 from WildEarth Guardians to **JAMES MATISON**.

In violation of 18 U.S.C. § 1349.

<u>Counts 2-15</u>

On or about the dates specified below, in the District of New Mexico, the defendant, **JAMES MATISON,** knowingly conducted and attempted to conduct a financial transaction affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, that is, wire fraud contrary to 18 U.S.C. § 1343 and theft from programs receiving federal funds contrary to 18 U.S.C. § 666, knowing that the transaction was designed in whole and in part to conceal and disguise the ownership and control of the proceeds of said specified unlawful activity, and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, as described in detail below:

| <u>Count</u> | <u>Approximate Date</u> | <u>Transaction</u> | <u>Amount</u> |
|---|---|---|---|
| 2 | 2/8/2018 | Check No. 1001 from Timberline to Euro-American Development | $5,200 |
| 3 | 3/26/2018 | Check No. 1002 from Timberline to Euro-American Development | $6,600 |
| 4 | 4/24/2018 | Check No. 1080 from Timberline to Euro-American Development | $8,000 |
| 5 | 5/30/2018 | Check No. 1081 from Timberline to Euro-American Development | $5,500 |
| 6 | 6/30/2018 | Check No. 1083 from Timberline to Euro-American Development | $5,950 |
| 7 | 8/3/2018 | Check No. 1084 from Timberline to Euro-American Development | $6,700 |
| 8 | 8/28/2018 | Check No. 1085 from Timberline to Euro-American Development | $6,000 |
| 9 | 10/2/2018 | Check No. 1086 from Timberline to Euro-American Development | $7,500 |
| 10 | 10/18/2018 | Check No. 1088 from Timberline to Euro-American Development | $3,300 |

| Count | Approximate Date | Transaction | Amount |
|---|---|---|---|
| 11 | 11/4/2018 | Check No. 1089 from Timberline to Euro-American Development | $5,300 |
| 12 | 11/18/2018 | Check No. 1090 from Timberline to Euro-American Development | $3,500 |
| 13 | 12/21/2018 | Check No. 1091 from Timberline to Euro-American Development | $5,790 |
| 14 | 1/29/2019 | Check No. 1092 from Timberline to Euro-American Development | $7,500 |
| 15 | 2/24/2019 | Check No. 1093 from Timberline to Euro-American Development | $9,250 |

In violation of 18 U.S.C. § 1956(a)(1)(B)(i).

## FORFEITURE ALLEGATION 1

Count 1, including the General Allegations and the Manner and Means described therein, is incorporated as part of this section as if fully re-alleged herein for the purpose of alleging forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

Upon conviction of any offense in violation of 18 U.S.C. § 1349, the defendants, **JAMES MATISON** and **JEFFREY HAM**, shall forfeit to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) any property, real or personal, which constitutes or is derived from proceeds traceable to such violation, or a conspiracy to commit such offense. The property to be forfeited includes, but is not limited to, the following:

1. Money Judgment: A sum of money representing the property constituting or derived from proceeds traceable to the offense, or conspiracy to commit such offense; and

2. Substitute Assets: If any of the property described above, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;

5

b.  has been transferred or sold to, or deposited with, a third party;

c.  has been placed beyond the jurisdiction of the court;

d.  has been substantially diminished in value; or

e.  has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p) and 28 U.S.C. § 2461(c), to seek the forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

## FORFEITURE ALLEGATION 2

Counts 2-15 are incorporated as part of this section as if fully re-alleged herein for the purpose of alleging forfeiture to the United States pursuant to 18 U.S.C. § 982(a)(1).

Upon conviction of any offense in violation of 18 U.S.C. § 1956, the defendant, **JAMES MATISON**, shall forfeit to the United States pursuant to 18 U.S.C. § 982(a)(1) any property, real or personal, involved in such offense, and any property traceable to such property. The property to be forfeited includes, but is not limited to, the following:

1.  Money Judgment: A sum of money representing the property constituting or derived from proceeds traceable to the offense, or conspiracy to commit such offense; and

2.  Substitute Assets: If any of the property described above, as a result of any act or omission of the defendant:

    a.  cannot be located upon the exercise of due diligence;

    b.  has been transferred or sold to, or deposited with, a third party;

    c.  has been placed beyond the jurisdiction of the court;

    d.  has been substantially diminished in value; or

e.  has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p) and 18 U.S.C. § 982(b)(1), to seek the forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

A TRUE BILL:

/s/
FOREPERSON OF THE GRAND JURY

Assistant United States Attorney

7